# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO RODRIGUEZ, et al., | Case No. 1:16-cv-01848-SAB |
| Plaintiffs, | ORDER RE STIPULATION CONCERNING DISCOVERY, STAY OF THE ACTION, AND MEDIATION |
| v. | |
| DANELL CUSTOM HARVESTING, LLC, et al., | (ECF Nos. 20, 23) |
| Defendants. | |

The parties to this action filed a Stipulation Concerning Discovery, Say of the Action, and Mediation ("Stipulation") on May 25, 2017, and a Supplemental Stipulation Concerning Discovery, Stay of the Action, and Mediation ("Supplemental Stipulation") on June 7, 2017. (ECF Nos. 20, 23.)

According to the Stipulation, the parties have scheduled a private mediation for September 14, 2017. To facilitate the mediation and to reduce legal expenses pending the mediation, the parties, subject to the terms and conditions of this Order, jointly move for an order requiring (1) an agreed-upon method of giving notice to the proposed class prior to disclosure of the documents and information; (2) certain restrictions on Defendants' ability to communicate, directly or indirectly, with members of the proposed class concerning the release or settlement of any claim alleged in the Complaint pending the outcome of the mediation; and (3) a stay of all other litigation in this case, including but not limited to discovery. The Court notes that the

stipulated protective order was entered in a separate order by the Court. (ECF No. 21.)

Accordingly, IT IS HEREBY ORDERED that:

1. Subject to the conditions set forth in this Order, this matter is STAYED until **October 16, 2017**. The parties shall advise the Court as to the status of this matter by filing a joint status report on or before **October 12, 2017**. If the matter is resolved, the parties shall file a notice of settlement.

2. The form of notice to the putative class proposed by the parties and attached as Exhibit B to the Stipulation ("Notice") (ECF No. 20 at 24-27) is hereby APPROVED <u>on the basis that it will be in both English and a Spanish translation</u>. The Court finds that the form and method of notice proposed by the parties and set forth in this Order will provide reasonable notice to the members of the putative class regarding their potential privacy rights in the production of documents and other information required by this Order, and a reasonable opportunity to opt-out of disclosure of the information pursuant to this Order.

3. KCC Class Action Services, LLC ("KCC") is authorized to implement the notice process set forth below. Except as provided herein, KCC is to maintain the identity and contact information of all individuals provided to them and not disclose it to anyone except upon further order of the Court. The parties are to share equally (50/50) the costs charged by KCC.

4. As soon as possible, but no later than ten (10) calendar days of the date of this Order, KCC will be sent by Defendants a complete list of the individuals with contact information comprising the putative class. Within five (5) calendar days thereafter, KCC will send, by first class U.S. mail, postage prepaid, a copy of the Notice to all persons on the list provided by Defendants.

5. As part of its duties, KCC shall take all steps as are reasonably necessary to ensure the individuals receive the Notice, including conducting a National Change of Address search before mailing the notice and conduct address searches on all returned, undelivered mail and re-mailing the notices for whom further addresses

are found.

6. KCC shall make available a toll-free telephone number for individuals to contact them if they have any questions regarding the Notice. Without disclosing the identity of the individual, KCC will agree to notify all counsel by email of the question or questions within 24 hours of such contact. The parties agree that if they cannot agree on the response to the individual's question, that the parties will submit the dispute to the Court for guidance or determination. The parties may agree to participate in the informal discovery dispute process which can be found at the United States District Court for the Eastern District of California's website (http://www.caed.uscourts.gov) under Judges; United States Magistrate Judge Stanley A. Boone (SAB). In the area entitled "Case Management Procedures," there is a link to "Discovery Dispute Procedures." While this process is ongoing, the time limit for notice, opt-out, and document production described herein will continue unabated. However, no information regarding any individual with an unresolved inquiry will be released to Plaintiffs until the inquiry has been resolved pursuant to this paragraph.

7. After thirty-one (31) calendar days from the mailing of the notice, KCC shall notify all parties of the names of the persons who have not opted-out and requested that contact information and documents pertaining to them not be released. Undeliverable notices will be re-mailed by KCC as described in this Order to the possible address(es) found, and production made by Defendants thirty-one (31) days thereafter, even if the notice continues to be undeliverable after the re-mailing.

8. The Court finds that the Notice process is sufficient to constitute due diligence such that any undeliverable notice, which is a notice that is still undeliverable after KCC has conducted address searches on all returned, undelivered mail and re-mailed the notices for whom further addresses are found, shall be treated as though the particular individual did not opt-out of the disclosure. When the Court

1  considers the sensitivity of the information sought, the potential benefit to the putative class members, the notice requirements ordered herein, and the safeguard of the protective order, the Court finds that any concerns about disclosing otherwise confidential information of putative class members is mitigated and nothing more is required under the circumstances of this action.

9. Subject to the terms and conditions of the Stipulation and this Order, Defendants agree to provide to Plaintiffs' counsel, on or before July 13, 2017, but in no event later than nine weeks prior to the mediation date, complete, legible, bates stamped copies of the following documents and data, in electronic form wherever possible, and/or in hard copy when requested, the following documents for each Potential Class Member:

   a. All payroll records for each Potential Class Member;

   b. All records of hours worked by each Potential Class Member.

   Additionally, on or before June 29, 2017, Defendants will provide:

   a. All employee handbooks and policies, of any kind or description, and all draft versions thereof, in existence at any time within the past five (5) years.

10. During the period of the stay, Defendants agree not to communicate, directly or indirectly, with any person within the Plaintiffs' proposed class definition in Paragraph 30 of their Complaint, concerning the release or settlement of any claim alleged in the Complaint, unless and if one of the persons within the Plaintiffs' proposed class definition makes a demand or files a legal action in court or makes a claim with a government agency in which case Defendants reserve any and all rights to negotiate a release or settlement of any and all claims.

11. Nothing in this Order is intended to create, expand, limit or waive any of the parties' rights, defenses or remedies at law or equity. The parties reserve all rights available to them under the law, including all statutes and constitutions.

12. If a party or KCC believes in good faith that he, she or it needs additional time to

perform one of the matters specified above, the party or KCC may notify the parties of that need and set forth the additional time or times needed. The parties will meet and confer telephonically in an effort to resolve the issue and to agree on adjusted dates, partial interim compliance, continuance of the stay, and/or a postponement of the mediation.

IT IS SO ORDERED.

Dated: **June 9, 2017**

UNITED STATES MAGISTRATE JUDGE