# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| FRANCISCO RODRIGUEZ, et al., | Case No. 1:16-cv-01848-SAB |
|---|---|
| Plaintiffs, | ORDER CONTINUING HEARING ON PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT TO JANUARY 17, 2018 |
| v. | |
| DANELL CUSTOM HARVESTING, LLC, et al., | |
| Defendants. | SUPPLEMENTAL BRIEFING DUE JANUARY 10, 2018 |

Plaintiffs Francisco Rodriguez, Jesus Hernandez Infante, Marco Garcia, Juan Manuel Bravo, Estela Patino, Jose F. Orozco, and Antonio Ortiz ("Plaintiffs") on behalf of themselves and other members of the public similar situated, filed this action on December 7, 2016, against Defendants Danell Custom Harvesting, LLC; Rance Danell, Eric Danell, David Danell, and Justin Danell ("Defendants") alleging wage and hour claims in violation of federal and state law. (Compl. 1.) Currently before the Court is Plaintiffs' motion for preliminary approval of the class action settlement.[1]

The Court heard oral arguments on December 13, 2017. Counsel Enrique Martinez appeared for Plaintiffs and counsel William Woolman appeared for Defendants. No objectors

---

[1] The parties have consented to the jurisdiction of the magistrate judge. (ECF Nos. 5, 9.)

1

appeared at the hearing. The Court shall continue the hearing to allow the parties to file supplemental briefing to address the concerns identified herein.

### A. Notification and Opt In Procedures for Collective Action Under the FLSA

Plaintiffs bring a claim under the Fair Labor Standards Act ("FLSA") and seek certification of a collective action. The FLSA provides the right of an employee to represent similarly situated employees in a suit against their employer for the failure to pay minimum wage or overtime compensation. 29 U.S.C. § 216(b). "Neither the FLSA, nor the Ninth Circuit, has defined the term 'similarly situated' for purposes of certifying a collective action." Nen Thio v. Genji, LLC, 14 F.Supp.3d 1324, 1340 (N.D. Cal. 2014). Determining whether a collective action is appropriate is within the discretion of the district court. Leuthold v. Destination Am., Inc., 224 F.R.D. 462, 466 (N.D. Cal. 2004).

Unlike a class action under Rule 23, to participate in the collective action an employee is required to give his consent in writing to become a party. 29 U.S.C. § 216(b). "If an employee does not file a written consent, then that employee is not bound by the outcome of the collective action." Edwards v. City of Long Beach, 467 F.Supp.2d 989 (C.D. Cal. 2006). In certifying the class "[c]ourts generally follow one of two approaches: (1) evaluating the FLSA collective action in terms of Rule 23's class certification requirements; or (2) applying a two-step approach involving initial notice to prospective plaintiffs followed by a final evaluation whether such plaintiffs are similarly situated." Leuthold, 224 F.R.D. at 466.

Here, the parties did not follow the two-step approach which would have provided initial notice of the FLSA action to the prospective plaintiffs and allowed them an opportunity to opt in. In the settlement agreement, the parties propose that each member will opt into the collective action by signing their settlement check. (ECF No. 30-3 at ¶ 39.4.) The legend on the check will include the statement "By cashing this check, I am opting into Rodriguez, et al. v. Danell Custom Harvesting, LLC, et al., under the FLSA, 29 USC § 216(b), and releasing the Released Claims defined in the Settlement Agreement." (Id.)

The proposed class notice informs the potential class members that "[t]he Settlement resolves a class action lawsuit about claims that Defendants allegedly violated various California

labor laws." (ECF No. 30-3 at 37.) In a section entitled 'What rights am I giving up in exchange for the Settlement Payment?" the potential class members are informed

> In exchange for the Settlement Payment being provided, members of the settlement class who do not send a Request for Exclusion (defined in Question 10 below) will "Release" and discharge Defendants for all claims regarding Defendants' alleged failure to provide adequate meal periods and rest breaks to its employees; failure to pay overtime premiums to its employees; failure to reimburse its mechanics, maintenance workers and weighers for work expenses; failure to provide proper itemized pay stubs to its employees; and failure to pay waiting-time penalties to its former employees.
>
> By participating in this lawsuit and accepting the Settlement Payment, you will not be able to make a claim or file a lawsuit against Defendants, for any of the claims above. This Class Notice provides only a summary of the most pertinent terms of the settlement. The complete terms of the proposed settlement are stated in the actual Settlement Agreement that has been preliminarily approved by and filed with the Court. You can view important documents about this case, including the entire Settlement Agreement, at this website: www.cpt--.com. You may also contact Class Counsel for copies, whose contact information is provided below.

(Id. at 39.) The parties are also informed on how to exclude themselves from the settlement agreement. (Id. at 40.) The Court finds no mention of the FLSA claims in the proposed notice.

Under the FLSA "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). The rights in a collective action under the FLSA are dependent on the employee receiving accurate and timely notice about the pendency of the collective action, so that the employee can make informed decisions about whether to participate. Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989). Here, the parties have not provided the proposed class members with any information by which the member can make an informed decision on whether to opt-in to the FLSA action.

Further, "the policy behind requiring FLSA plaintiffs to opt-in to the class would largely 'be thwarted if a plaintiff were permitted to back door the shoehorning in of unnamed parties through the vehicle of calling upon similar state statutes that lack such an opt-in requirement.' " Edwards, 467 F.Supp.2d at 993 (citations omitted). The opt-in procedure proposed by the parties denies the proposed class members the opportunity to make an informed decision to opt-in to the FLSA action. For a class member to receive payment for the Rule 23 class claims, he is required

to opt-in to the FLSA action. Additionally, any class member who opts out of the Rule 23 class will not receive payment even if he has previously opted-in to the FLSA collective action. The Court finds that the procedure proposed does not provide the required notice and opportunity to opt-in to the collective action under the FLSA.

At the December 13, 2017 hearing, the parties addressed this issue and a suggestion was made that the proposed class members be provided with notice and an opportunity to opt-in to the collective action along with the class action settlement notice. As discussed during the hearing, courts recognize a concern where an FLSA collective action and a Rule 23 class are proceeding in the same action.

In <u>Edwards</u>, the court declined to certify both a collective action and a class action under Rule 23 finding a class action was not the superior method for adjudicating the plaintiffs' claims. <u>Edwards</u>, 467 F.Supp.2d at 991. The <u>Edwards</u> court agreed with the reasoning in <u>Leuthold</u>, that "since the plaintiffs had the option of bringing their pendent state law claims as part of the § 216(b) collective action, '[t]his alternative undercuts all of the Rule 23(b)(3) superiority factors.'" <u>Id.</u> at 992 (quoting <u>Leuthold</u>, 224 F.R.D. at 469). The court first considered that

> a § 216(b) collective action allows individuals to control their participation in [the] litigation in a far more expeditious fashion than does a Rule 23 class action. In a § 216(b) collective action, the class members must affirmatively opt-in. In a Rule 23 class action, on the other hand, class members must take the affirmative action of opting-out in order to avoid being bound by the judgment. If both a § 216(b) collective action and a Rule 23 class action were allowed to proceed, confusion would result from requiring potential plaintiffs to both opt-in and opt-out of the claims in the suit.

<u>Edwards</u>, 467 F.Supp.2d at 992 (internal citations omitted).

Second, the court considered that there were jurisdictional concerns as the Rule 23 class claims are based solely on state law claims. <u>Edwards</u>, 467 F.Supp.2d at 992. If only a few plaintiffs' opted-in to the FLSA class the court would be faced with the situation of adjudicating the claims of a large number of plaintiffs in the state law action who had decided not to prosecute the federal claims. <u>Id.</u> ""[W]hile Section 1367(a) allows parties to join their state claims to federal claims where appropriate, it does not contemplate a plaintiff using supplemental jurisdiction as a rake to drag as many members as possible into what would otherwise be a federal

collective action." Id. at 993 (quoting McClain v. Leona's Pizzeria, Inc., 222 F.R.D. 574, 577 (N.D. Ill. 2004)).

However, courts in this circuit have permitted FLSA claims and state law claims to proceed in the same action. See Misra v. Decision One Mortg. Co., LLC, 673 F.Supp.2d 987, 994 (C.D. Cal. 2008) (collecting cases). The FLSA does not preempt state wage and hour statutes. Thorpe v. Abbott Labs., Inc., 534 F.Supp.2d 1120, 1124 (N.D. Cal. 2008). In Ellison v. Autozone Inc., No. C06-07522 MJJ, 2007 WL 2701923 (N.D. Cal. Sept. 13, 2007), in denying a motion to strike, the court recognized that the defendants may be able to show that having concurrent opt-in and opt-out proceedings may be unworkable or would unduly confuse potential plaintiffs. Id at *2. However, as the Misra court found, such concerns are to be addressed at the class certification stage because whether supplemental jurisdiction should be exercised is a very fact specific analysis that depends on factors such as the number of members in each class. Misra, 673 F.Supp.2d at 995. District courts recognize the confusion and find problematic settlement where the funds for both classes come from the same settlement fund. Millan v. Cascade Water Servs., Inc., 310 F.R.D. 593, 602 (E.D. Cal. 2015).

Due to the hybrid nature of this action, the Court recognizes the possibility of confusion by the potential class members. However, the Court also considers that the proposed class contains 445 members and Plaintiffs have had a significant number, 118 employees, consent in writing to opt-in to the collective action prior to notice of the FLSA action being sent to the class. (ECF No. 1.) The parties are required to demonstrate that the notice provided is sufficient to inform the class of the FLSA opt-in requirements, the Rule 23 opt-out procedures, and the consequences that will result from the various choices made by the potential class member. "District Courts in FLSA hybrid action consistently require class notice forms to explain: '(1) the hybrid nature of th[e] action; (2) the claims involved in th[e] action; (3) the options that are available to California Class members in connection with the settlement, including how to participate or not participate in the Rule 23 class action and the FLSA collective action aspects of the settlement; and (4) the consequences of opting in to the FLSA collective action, opting out of the Rule 23 class action, or doing nothing.' " Millan, 310 F.R.D. at 608 (quoting Pierce v.

5

Rosetta Stone, Ltd., 2013 WL 1878918, at *4 (N.D. Cal. May 3, 2013)); see also Murillo v. Pac. Gas & Elec. Co., 266 F.R.D. 468, 472 (E.D. Cal. 2010) (finding a hybrid notice not particularly confusing where it clearly explains the consequences of choosing to op-in to the FLSA collective action, opting out of the class action, or doing nothing); Tijero v. Aaron Bros., Inc., 301 F.R.D. 314, 326 (N.D. Cal. 2013) (approving notice that adequately informs potential class members of how to opt-out of Rule 23 class and opt-in to the FLSA collective action).

**B.     Notice**

"Adequate notice is critical to court approval of a class settlement under Rule 23(e)." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1025 (9th Cir. 1998). Rule 23 requires that notice for any class certified under Rule 23(b)(3) must be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(b)(2)(B). "Notice by mail is sufficient to provide due process to known affected parties, so long as the notice is 'reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Wright v. Linkus Enterprises, Inc., 259 F.R.D. 468, 475 (E.D. Cal. 2009) (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 318 (1950)).

The settlement agreement provides that Defendants shall provide the claims administrator with a list of all members of the settlement class, their last known address, telephone number, and the last four digits of their Social Security number or individual taxpayer identification number. (Stipulation and Agreement to Settle Class and Collective Action ¶ 49.3(a)). The agreement further states the claims administrator shall mail the class notice to the most current mailing address available. (Id. at ¶ 49.3(b)).

It is unclear whether the settlement administrator will make any attempt to verify addresses prior to the initial mailing of the notice. The parties shall clarify whether the notices will be mailed to the address provided by Defendants or if the claims administrator will attempt to obtain current addresses prior to the initial mailing.

**C.     PAGA Penalties**

The claims brought in this action include claims under California's Private Attorneys

Generals Act ("PAGA"). In bringing a representative action under PAGA, the aggrieved employee is acting as the proxy or agent of the state's labor law enforcement agencies. <u>Arias v. Superior Court</u>, 46 Cal. 4th 969, 986 (2009). Civil penalties recovered under PAGA are distributed between the aggrieved employees (25%) and the California Labor and Workforce Development Agency ("LWDA") (75%). Cal. Labor Code § 2699(i). Any settlement of PAGA claims must be approved by the Court. Cal. Labor Code § 2699(l). The proposed settlement must also be sent to the agency at the same time that it is submitted to the court. Cal. Labor Code § 2699(l)(2).

The parties shall address whether the proposed settlement was sent to the agency.

### D. Appointment of Counsel

In appointing class counsel the judge must ensure that the attorney seeking appointment as class counsel will fairly and adequately represent the interests of the class. Manual for Complex Litigation § 21.27. The Court is to appoint class counsel and must consider: i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). The Court must inquire into counsel's qualifications in these areas in appointing class counsel. Manual for Complex Litigation § 21.271.

Here, Enrique Martinez and John Hill seek to be appointed as class counsel. (See Proposed Order Granting Motion For Preliminary Approval of Class Action Settlement at paragraph 5, ECF No. 30 at p. 3.) In the motion, Mr. Martinez discusses the qualification of the firm, which is the Law Offices of John Hill, and his own qualifications. (Decl. of Enrique Martinez at ¶ 19 (firm), 20 (Mr. Martinez), ECF No. 30-3.) However, Mr. Martinez has not addressed whether he has any conflict of interest in this matter.[2] Further, the motion is devoid of

---

[2] When asked by the Court at the December 13 hearing, counsel advised that there were no conflicts, but the Court asked counsel that since he was supplementing to put this fact in a declaration so the record could be complete on paper.

7

any information regarding John Hill himself and his experience or qualifications to act as class counsel. If Plaintiffs seek to have Mr. Hill appointed as counsel the Court requires some evidence to address his qualifications to be appointed in this matter.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The hearing on Plaintiffs' motion for preliminary approval of the class action settlement is CONTINUED to January 17, 2018, at 10:00 a.m. in Courtroom 9; and
2. Plaintiff shall submit supplemental briefing on or before January 10, 2018.

IT IS SO ORDERED.

Dated: **December 13, 2017**

_____
UNITED STATES MAGISTRATE JUDGE