# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO RODRIGUEZ, et al., | Case No. 1:16-cv-01848-SAB |
| Plaintiffs, | ORDER REQUIRING PLAINTIFFS TO FILE BILLING RECORDS IN PUBLIC RECORD OR FILE REQUEST TO SEAL |
| v. | |
| DANELL CUSTOM HARVESTING, LLC, et al., | (ECF No. 45) |
| Defendants. | DEADLINE: JUNE 15, 2018 |

On June 8, 2018, Plaintiffs filed a motion for final approval of class action settlement. As part of their motion, Plaintiffs have included supplemental declarations of Enrique Martinez and Jocelyn Sperling to support their request for attorney fees. (ECF Nos. 45-6, 45-7.) The exhibits attached to these supplemental declarations are billing records submitted for in camera review. (ECF Nos. 45-6 at 3, 45-7 at 3.) The actual billing records were not filed in the record, but were submitted for in camera review because Plaintiffs allege that they are privileged.

However, in camera review is not the proper mechanism for the Court to review a document in support of a motion for final approval of a class action settlement when a party believes the document should remain out of the public record. Local Rule 140(d) provides that "counsel may seek to submit an unredacted document containing protected information for review by the Court. In such an event, counsel is required to file a motion to file the document under seal. <u>See</u> L.R. 141"

1

1 Therefore, to the extent that Plaintiffs wanted to submit an unredacted document 2 containing protected information for review by the Court, Plaintiffs should have requested to file 3 the billing records under seal pursuant to Local Rule 141. Local Rule 141 describes the process 4 for sealing documents, including filing a notice of request to seal documents and submitting the 5 request to seal documents and the proposed order.

6 Courts have long recognized a "general right to inspect and copy public records and 7 documents, including judicial records and documents." Kamakana v. City & Cnty. of Honolulu, 8 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 9 597 & n. 7 (1978)). Nevertheless, this access to judicial records is not absolute. Kamakana, 447 10 F.3d at 1172. The court has recognized a category of documents that is not subject to the right of 11 public access because the documents have "traditionally been kept secret for important policy 12 reasons." Times Mirror Co. v. United States, 873 F.2d 1210, 1219 (9th Cir. 1989). Where 13 documents such as those presented here are accompanying a motion for resolution of disputes on 14 the merits that "is at the heart of the interest in ensuring the 'public's understanding of the 15 judicial process and of significant public events[,] . . . " 'compelling reasons' must be shown to 16 seal judicial records attached to a dispositive motion." Kamakana, 447 F.3d at 1179.

17 The party seeking to have the document sealed must present "articulable facts" 18 identifying the interests that favor secrecy and show that these specific interests overcome the 19 presumption of access because they outweigh the public's interest in understanding the judicial 20 process. Kamakana, 447 F.3d at 1180. The Court starts from the strong presumption in favor of 21 access to public records and then considers whether the party seeking to have the record sealed 22 has demonstrated a compelling reason to have the record sealed. Id. at 1178-79. This requires 23 the Court to conscientiously balance the competing interests of the public in accessing the 24 records and the party who seeks to keep the records secret. Id. at 1179. The Court is required to 25 "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Id. 26 (citations omitted). A blanket protective order is not a compelling reason to seal court records. 27 Foltz v. State Farm Mutual Automobile Insurance Co., 331 F.3d 1122, 1138 (9th Cir. 2003.) The 28 Court will not order documents sealed merely because a party designates them as confidential.

The Court will not consider any of the billing records submitted for in camera review unless they are filed in the public record or a request to seal is granted.

Based on the foregoing, IT IS HEREBY ORDERED that on or before June 15, 2018, Plaintiffs shall either:

    a.    Submit a request to seal the billing records that is in compliance with Local Rule 141; or

    b.    File the billing records in the public record.

IT IS SO ORDERED.

Dated: **June 11, 2018**

UNITED STATES MAGISTRATE JUDGE