# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO RODRIGUEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DANELL CUSTOM HARVESTING, LLC, et al., <br><br> Defendants. | Case No. 1:16-cv-01848-SAB <br><br> ORDER GRANTING IN PART AND DENYING PLAINTIFFS' REQUEST TO SEAL BILLING RECORDS <br><br> (ECF No. 47) <br><br> TEN DAY DEADLINE |

On June 8, 2018, Plaintiffs' filed an unopposed motion for final approval of a class action settlement in this matter. (ECF No. 45.) Plaintiffs also submitted billing records for in camera review. On June 11, 2018, an order issued requiring Plaintiffs to file the billing records in the public record or submit a request to seal. (ECF No. 47.) Plaintiffs were advised that they must show compelling reasons to file documents under seal in this instance. (Id.) On June 13, 2018, Plaintiffs filed a request to file the billing records under seal. (ECF No. 47.)

Courts have long recognized a "general right to inspect and copy public records and documents, including judicial records and documents." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n. 7 (1978)). Nevertheless, this access to judicial records is not absolute. Kamakana, 447 F.3d at 1172. The court has recognized a category of documents that is not subject to the right of public access because the documents have "traditionally been kept secret for important policy reasons." Times Mirror Co. v. United States, 873 F.2d 1210, 1219 (9th Cir. 1989). Since

1

resolution of disputes on the merits "is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events[,] . . . compelling reasons' must be shown to seal judicial records attached to a dispositive motion." Kamakana, 447 F.3d at 1179.

The party seeking to have the document sealed must present "articulable facts" identifying the interests that favor secrecy and show that these specific interests overcome the presumption of access because they outweigh the public's interest in understanding the judicial process. Kamakana, 447 F.3d at 1180. The Court starts from the strong presumption in favor of access to public records and then considers whether the party seeking to have the record sealed has demonstrated a compelling reason to have the record sealed. Id. at 1178-79. This requires the Court to conscientiously balance the competing interests of the public in accessing the records and the party who seeks to keep the records secret. Id. at 1179. The Court is required to "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Id. (citations omitted).

Here, Plaintiffs seek to seal the records on the ground that they are protected by attorney-client privilege and are attorney work product. The party seeking to invoke privilege has the burden of demonstrating that the documents are entitled to the privilege. In re Grand Jury Witness, 695 F.2d 359, 362 (9th Cir. 1982). Blanket assertions of privilege are extremely disfavored. Id.

Billing records can be protected by the attorney client privilege or work product doctrine where they "reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law. . . ." Clarke v. Am. Commerce Nat. Bank, 974 F.2d 127, 129 (9th Cir. 1992). However, where the records "contain information on the identity of the client, the case name for which payment was made, the amount of the fee, and the general nature of the services performed" they are not privileged. Clarke, 974 F.2d at 130. Plaintiffs' request to file the billing records under seal is overbroad as a cursory review of the records shows that they contain the general nature of the services performed which is not entitled to either attorney client privilege or protected by the work

product doctrine. Even where the records contain the purpose of communication with class members or potential class members, such as for obtaining factual background or to obtain forms or documents, it is not clear how this would reveal litigation strategy.

There are certain entries that include researching certain areas of law that would fall within the exception identified in Clarke, but these limited entries could be redacted to protect any privileged information. "Time entries on billing records may be redacted in rare instances, but they may not be sealed in a way that hides the amount of time or money spent on a particular task. [A party] is not allowed to petition the Court for fees but hide from the public the basis for its request." Muench Photography, Inc. v. Pearson Educ., Inc., No. 12-CV-01927-WHO, 2013 WL 6698465, at *2 (N.D. Cal. Dec. 18, 2013).

Accordingly, Plaintiffs' request to file billing records under seal is GRANTED IN PART and DENIED IN PART as follows:

1. Plaintiffs' shall redact ONLY those limited portions of the billing records that "reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law. . . ." Clarke, 974 F.2d at 129;

2. Plaintiffs shall file the redacted copy of the billing records within **ten (10) days** from the date of entry of this order;

3. Plaintiffs shall file the unredacted copies of the billing records under seal within **ten (10) days** from the date of entry of this order; and

4. Plaintiff shall file the request to seal documents **upon receipt** of this order.

IT IS SO ORDERED.

Dated:  **June 19, 2018**

UNITED STATES MAGISTRATE JUDGE

3